UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT G. SIMS,

    Plaintiff,                                      Hon. Jane M. Beckering

v.                                                   Case No. 1:22-cv-821

CHARLEVOIX, CITY OF,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action September 6, 2022, against the City of Charlevoix. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

1

662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges that "the City of Charlevoix and maybe certain public persons" have engaged in various forms of corruption. Plaintiff fails, however, to provide any specific factual allegations regarding his allegations of corruption. Plaintiff likewise fails to designate who allegedly committed the various acts that give rise to this action. Instead, Plaintiff just repeatedly asserts the conclusion that corruption has

2

taken place.  Such vague and unsubstantiated legal conclusions are insufficient to state a claim.

Plaintiff's complaint suffers from a second fatal flaw – Plaintiff fails to allege that he suffered sufficient injury as a result of the various acts of alleged corruption.  Federal courts have subject matter jurisdiction over "actual cases or controversies."  *See Murray v. United States Department of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012).  But no case or controversy exists "unless a plaintiff establishes his standing to sue."  *Ibid*.  To establish that he has standing to pursue this action, Plaintiff must allege that he has suffered a "personal injury" that is "fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  *Ibid*.

Plaintiff's alleged injury "cannot be a collective harm that impacts society generally," but must instead be "unique and individualized."  *Children's Health Defense v. Food & Drug Administration*, 573 F.Supp.3d 1234, 1242 (E.D. Tenn. 2021) (citations omitted).  An "abstract generalized grievance against illegal behavior that is suffered by all citizens does not create standing."  *Ibid*.  Plaintiff's complaint alleges nothing more than the sort of generalized grievances suffered by his community generally.  This is manifestly insufficient to confer standing.  The undersigned concludes, therefore, that Plaintiff lacks standing to pursue his various claims of corruption.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted and, moreover, because Plaintiff lacks standing to prosecute his claims. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 8, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge